IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                    No. CIV S-04-2671 LKK PAN (JFM)

    Plaintiff,

 vs.

ESTHER DE LA TORRE, et al,           FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

     Plaintiff's motion for entry of default judgment against defendants, filed August 31, 2005, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

     Plaintiff initiated this action under Title III of the Americans with Disabilities Act by filing his amended complaint on April 15, 2005. Plaintiff's amended complaint seeks damages and injunctive relief from defendants for their failure to provide a disabled accessible parking space at the restaurant, Casa Lupe Restaurant, located at 580 & 590 Canal Street, Hamilton City, California. The summons and amended complaint were served on defendant Pedro De La Torre on May 11, 2005, by hand-delivering them to Jose Torres, Manager, at the Casa Lupe Restaurant. The summons and amended complaint were served on defendant Esther De La Torre on January 3, 2005, by hand-delivering them to Carmello Torre, Manager, the person in charge, at the Casa Lupe Restaurant,

pursuant to Cal. Code of Civil Procedure § 415.20.  Fed. R. Civ. P. 4(e)(1).  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On August 2, 2005, the clerk entered deafult against Pedro De La Torre.  On August 25, 2005, the clerk entered default against defendants Esther De La Torre, and Esther De La Torre 1993 Revocable Inter Vivos Trust.

Notice of the motion for default judgment and supporting papers were not served on defendants at their last known address.  Rule 55(b)(2) of the Federal Rules of Civil Procedure states that written notice is required three days prior to the hearing if the defaulting party has appeared in the action.  Defendants have not appeared in this action and have filed no opposition to the motion for entry of default judgment.  Because defendants have not appeared in this action, no notice of the motion was required.  <u>See</u> Fed. R. Civ. P. 55(b)(2) (requiring written notice of application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 5-135(d)(excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"); <u>Wilson v. Moore & Associates, Inc.</u>, 564 F.2d 366, 368-69 (9th Cir. 1977).

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  <u>Dundee Cement Co. v. Howard Pipe & Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing <u>Geddes v. United Fin. Group</u>, 559 F.2d 557 (9th Cir. 1977)); <u>see also</u> <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  <u>See</u> <u>Dundee</u>, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  <u>Dundee</u>, 722 F.2d at 1323-24; <u>see also</u> <u>James v. Frame</u>, 6 F.3d 307, 310 (5th Cir. 1993).

1    Granting or denying default judgment is within the court's sound discretion, see <u>Draper</u>
2    <u>v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a
3    variety of factors in exercising that discretion, see <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.
4    1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of
> money at stake in the action, (5) the possibility of a dispute concerning
> material facts, (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure
> favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u>, ¶ 55-05[2], at 55-24 to 55-26).

According to the amended complaint, plaintiff is a person with a disability under the ADA and requires the use of a wheelchair.  Defendants own a restaurant, Casa Lupe Restaurant, located at 580 & 590 Canal Street, Hamilton City, California., which does not have a van-accessible parking space or an accessible path of travel from the access aisle of any such parking space to the restaurant's sidewalk.  Plaintiff has patronized defendants' business on a number of occasions.  On those occasions, he has encountered these barriers and desires that they be removed so he can patronize the restaurant in the future.  The amended complaint alleges causes of action under Title III of the ADA and California's Unruh Act.  It prays for the removal of the barriers in accordance with the ADA, damages pursuant to the Unruh Act, and reasonable attorney fees and costs.  However, plaintiff's motion for default judgment seeks only damages.

Weighing the factors outlined in <u>Eitel v. McCool</u>, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant is appropriate.  Defendants have made no showing that her failure to respond to the complaint is due to excusable neglect.  There is no reason to doubt the merits of plaintiff's substantive claims, nor is there any apparent possibility of a dispute concerning the material facts underlying the action.  Through the instant motion, plaintiff seeks an award of damages in the statutory amount of $4,000.00.  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the

1  complaint. The complaint and the documents filed in support of the motion for entry of default
2  judgment also support the finding that plaintiff is entitled to the damages requested in the prayer for
3  default judgment, which does not differ in kind from the damages requested in the complaint. <u>Henry v.</u>
4  <u>Sneiders</u>, 490 F.2d 315, 317 (9th Cir.), <u>cert. denied</u>, 419 U.S. 832 (1974). Because each of these
5  factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring
6  decisions on the merits, will recommend that default judgment be granted.

7  After determining that entry of default judgment is warranted, this court must next
8  determine the terms of the judgment. Plaintiff is entitled to the requested $4,000.00 in damages under
9  his state law cause of action. <u>See</u> Cal. Civ. Code § 52(a); <u>Grove v. De La Cruz</u>, 407 F. Supp. 2d 1126,
10 1133 (C.D. Cal. 2005)(the Unruh Act "provides for statutory damages up to a maximum of three times
11 the actual damages but no less than $4,000 for each instance of discrimination"). Accordingly, the
12 undersigned will recommend that the district court grant default judgment as requested.

13 Accordingly, IT IS HEREBY RECOMMENDED that:

14 1. Plaintiff's August 31, 2005 motion for default judgment be granted;

15 2. The district court enter the default judgment of defendants in favor of plaintiff;

16 3. Defendants be directed to pay plaintiff damages in the amount of $4,000.00; and

17 4. Defendants be directed to comply with the terms of any order adopting these findings
18 and recommendations within ninety days.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after
21 being served with these findings and recommendations, any party may file written objections with the
22 court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
23 /////
24 /////
25 /////
26 /////

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; john2671.def